**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER F. THOMAS, | No. 11-70289 |
| Petitioner, | |
| v. | Agency No. A073-451-788 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 8, 2013
Pasadena, California

Before:     W. FLETCHER and RAWLINSON, Circuit Judges, and
HELLERSTEIN, Senior District Judge.**

Thomas is an HIV-positive bisexual Grenadian citizen who has lived in the

United States legally since 1996.  In 1999, he pleaded guilty to the transportation

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Alvin K. Hellerstein, Senior United States District
Judge for the Southern District of New York, sitting by designation.

or sale of a controlled substance under California law; the plea colloquy makes clear that the underlying crime was sale of cocaine base. The total amount of the sale was $10. Thomas was sentenced to 180 days in county jail, three years probation, and a $200 fine. Over ten years later, the government began removal proceedings under 8 U.S.C. § 1227(a)(2)(B)(i) against Thomas based on this conviction. After the proceedings began, Thomas had his conviction expunged under California Penal Code § 1203.4. The IJ held Thomas removable and ineligible for relief from removal. The IJ found that the conviction was still applicable for purposes of immigration law and that the conviction was for a particularly serious crime, applying the presumption enunciated in *Matter of Y-L-*, 23 I. & N. Dec. 270 (B.I.A. 2002), that all drug trafficking crimes are particularly serious crimes. The BIA affirmed, and Thomas appealed.

We review the IJ's decision as if it were that of the BIA where the BIA cites *Matter of Burbano,* 20 I. & N. Dec. 872 (B.I.A. 1994), and adopts the IJ's decision. *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005). Where the BIA summarily affirms an IJ's decision and does not expressly state that it is conducting a de novo review, we may "also look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova-Elisseva v. I.N.S.*, 213 F.3d 1192, 1197 (9th Cir. 2000). Here the BIA cited *Matter of Burbano* with respect to

2

the IJ's decision that Thomas is removable for his conviction for sale of a controlled substance and the IJ's conclusion that Thomas was convicted of an aggravated felony. The BIA agreed in a summary disposition with the IJ's determination that Thomas was convicted of a particularly serious crime.

The BIA erred in retroactively applying the rule from *Matter of Y-L-*, which created a presumption that any drug trafficking crime is a particularly serious crime. In *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 951 (9th Cir. 2007), we applied the five-factor test articulated in *SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947), to hold that the BIA's presumption that all drug trafficking crimes are "particularly serious" could not be applied retroactively to Miguel-Miguel. The facts in *Miguel-Miguel* are virtually indistinguishable from the present facts; applying the factors to Thomas, there is no question that the BIA erred in the retroactive application of the presumption of *Matter of Y-L-*. The government agrees and acknowledges that remand is appropriate on this ground.

Thomas's remaining claims lack merit.

Petition GRANTED and REMANDED.

3